NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 14, 2007
Decided February 15, 2008

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS *Circuit Judge*

No. 07-1383

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> *Plaintiff-Appellee,*<br><br> *v.*<br><br> SAMUEL L. JONES,<br> *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Western<br>District of Wisconsin<br><br>No. 06-CR-160-S-01<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

Samuel Jones pleaded guilty to possession of ammunition by an unlawful user of a controlled substance. *See* 18 U.S.C. § 922(g)(3). The district court sentenced him, within the advisory guidelines range, to 24 months' imprisonment, three years' supervised release, and a $100 special assessment. On appeal Jones argues that (1) this court should abandon its presumption that a within-guidelines sentence is reasonable; (2) his prison sentence is "greater than necessary" to achieve the purposes of sentencing; (3) the district court did not understand it had discretion to sentence outside the guidelines range; and (4) his prison sentence is unreasonable. All of these arguments are without merit, and we affirm the judgment.

Recent authority readily disposes of the first two arguments. Jones contends that applying a presumption of reasonableness to a sentence within the guidelines range conflicts with *Booker v. United States*, 543 U.S. 220 (2005), but *Gall v. United*

*States*, 128 S.Ct. 586, 598 (2007), holds that appellate courts indeed may employ this presumption when reviewing a sentence for reasonableness. *See also Rita v. United States*, 127 S.Ct. 2456, 2462 (2007). Jones also insists that his prison term is too long to comply with the mandate of 18 U.S.C. § 3553(a) that a sentence be "sufficient, but not greater than necessary" to satisfy the purposes of sentencing, but that directive is met if the sentence imposed is reasonable. *See United States v. Jung*, 473 F.3d 837, 844-45 (7th Cir. 2007). The role of an appellate court is to review sentences for reasonableness, not to choose among possible sentences. *Gall*, 128 S.Ct. at 597; *United States v. Bustamante,* 493 F.3d 879, 891 (7th Cir. 2007).

Jones's remaining arguments are specific to the facts of his case. He first contends that the district court did not appreciate its discretion to sentence him outside the guidelines range. However, the record belies this argument. The court explicitly acknowledged its authority to sentence Jones outside the guidelines range if warranted by the § 3553(a) factors. The court stated—correctly—that it was required to consider the guidelines, but it said nothing suggesting a belief they were binding. Jones's attorney mistakenly conflates the court's acknowledgment that it was required to calculate the appropriate guidelines range with a belief that it was required to impose a sentence within that range.

Finally, Jones argues that his sentence is unreasonable. We review the sentence under an abuse of discretion standard, first ensuring the district court committed no significant procedural error and then considering the substantive reasonableness of the sentence under an abuse of discretion standard. *See Gall*, 128 S.Ct. at 597. The district court correctly calculated the guidelines range. The base offense level for Jones's conviction is 14, *see* U.S.S.G. § 2K2.1(a)(6)*,* and a 2-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, dropped the total offense level to 12. The court correctly computed a criminal history category of IV, *see* U.S.S.G. §§ 4A1.1(b), 4A1.1(c), 4A1.2(c)(1)(B), 4A1.2(k), which yielded a guidelines imprisonment range of 21 to 27 months. The district court then considered the statutory factors in § 3553(a), including Jones's criminal history, the need for deterrence, and the need to provide him with educational training and treatment for drug addiction and mental-health issues. After undertaking these required steps, the court sentenced Jones to 24 months' imprisonment, the middle of the range. The district court adequately explained the reasons for its decision, including its rejection of Jones's arguments about his upbringing and the frequency of his crimes. The court's reasons for imposing its sentence were consistent with the factors in § 3553(a), and Jones's sentence is reasonable. *United States v. McIlrath,* 512 F.3d 421, 426-27 (7th Cir. 2008).

AFFIRMED.